UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICI METRONICS, INC., a Washington corporation,<br><br>       Plaintiff,<br><br>  v.<br><br>REAL SENSORS, INC., a California corporation, RAMESH CHAND, an individual, JESUS NAVAREZ, an individual, JITENDRA KUMAR KAPADIA, an individual,<br><br>       Defendants. | No. C 04-0854 SC<br><br>ORDER GRANTING DEFENDANT RAMESH CHAND'S MOTION TO CONFIRM ARBITRATION AWARD |

**I.   Introduction**

Plaintiff VICI Metronics ("VICI") filed the above captioned action against various defendants including its former employee Defendant Ramesh Chand ("Chand"). On August 27, 2004, the Court compelled arbitration between Chand and VICI according to the terms of the employment agreement between VICI and Chand ("Employment Agreement") and stayed the action before it. See Docket No. 49. Chand now moves the Court to confirm the resulting arbitration award; VICI, in opposition, moves the Court to vacate or, in the alternative, modify the award. For the following reasons the Court hereby GRANTS Chand's Motion to Confirm the

1  Award and DENIES VICI's Motion to Vacate or Modify the Award.

3  **II.   BACKGROUND**

4  The Employment Agreement's arbitration clause ("Arbitration Clause") states:

> Any controversy or claim arising out of or relating to this agreement, or the breach thereof, shall be settled by binding arbitration in accordance with the Commercial Rules of the American Arbitration Association by a single arbitrator to be located in San Francisco, California, and judgment upon the award rendered by the arbitrator may be entered by any court having jurisdiction thereof, and shall not be appealable.

Townsend Decl. in Sup. Conf., Ex. B at 5.

The American Arbitration Association's ("AAA") Commercial Arbitration Rules and Mediation Procedures, as amended July 1, 2003, ("Commercial Rules"), state in their relevant section:

> R-1. Agreement of Parties*+
>
> (a)The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the . . . AAA . . . under its Commercial Arbitration Rules. . . . These rules and any amendment of them shall apply in the form in effect at the time the administrative requirements for a demand for arbitration or submission agreement received by the AAA. . . .
>
> + A dispute arising out of an employer promulgated plan will be administered under the AAA's National Rules for the Resolution of Employment Disputes.

Townsend Decl. Opp. Vacate, Ex. B at 7-8.  The Commercial Rules were in effect when VICI initiated arbitration at AAA in November 2004.  See Isola Decl., Ex. A; www.adr.org/sp.asp?id=22440.

From November 7 to 9, 2005, the AAA, Norman Brand, Esq. presiding ("Arbitrator"), held arbitration hearings in the case. Townsend Decl. in Sup. Conf., at 1-2.  Prior to the hearing, the

1  AAA designated the case as an "employment" case and requested that
2  VICI make the appropriate payments associated with such a
3  designation.  Isola Decl., at 2-3.  VICI disputed this designation
4  and a series of communications between VICI and the AAA ensued.
5  Id.  Finally, on November 4, 2005, AAA Case Manager Jose Ibarra
6  sent a letter to parties informing them inter alia  that the AAA's
7  "final decision is that this dispute arises from an employer plan,
8  and the National Rules for the Resolution of Employment Disputes
9  and fee schedule shall apply."  Id., Ex D at 32.
10     On May 30, 2006, the Arbitrator issued his final award
11 ("Award"), which incorporated prior interim awards, awarding Chand
12 $9,230.77 with statutory interest of 10% per annum from August 4,
13 2002 for his unpaid severance pay counterclaim and $19,050 in
14 attorneys fees, and ordered VICI to pay the entire amount of AAA
15 administrative fees, $2,254.05, and the Arbitrator's compensation,
16 $34,200.00.  Townsend Decl. in Sup. Conf., Ex. A at 10, 30.
17     On August 4, 2006, Chand moved the Court to confirm the
18 Award.  See Mot. to Conf.  VICI resoponded by moving the Court to
19 vacate the award or, in the alternative, modify it.  See Mot. to
20 Vacate.

22 **III. LEGAL STANDARD**
23     A party seeking to confirm an arbitration award may, pursuant
24 to Section 9 of the Federal Arbitration Act ("FAA"), may make an
25 application for confirmation of the award in the federal court of
26 the district in which the award was made, 9 U.S.C. § 9, assuming
27 that there exists an independent basis for that court's subject

3

matter jurisdiction.  Southland Corp. v. Keating, 465 U.S. 1, 15 n.9 (1984).  Subject to the same conditions, a party may make an application for an order vacating or modifying an arbitration award.  9 U.S.C. §§ 10, 11.

Once brought before a federal court, review of an arbitration decision is "both limited and highly deferential."  Coutee v. Barington Capital Group, L.P., 336 F.3d 1128, 1133 (9th Cir. 2003)(internal quotation omitted).  A federal court may modify or vacate an arbitration award "**only if** the conduct of the arbitrators violated the Federal Arbitration Act (FAA), or if the award itself is completely irrational or constitutes manifest disregard of the law."  Id. (internal quotations omitted)(emphasis added).

The FAA describes four grounds for vacation:  "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct on refusing to postpone the hearing, upon sufficient cause shown, or refusing to hear evidence pertinent and material to the controversy, or for any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10.

A federal court may modify an arbitration award of Section 11 of the FAA: "(a) [w]here there was an evident material miscalculation of figures or an evident material mistake in the

4

1 description, thing, or property referred to in the award[;] (b)
2 [w]here the arbitrators have awarded upon a matter not submitted
3 to them, unless it is a matter not affecting the merits of the
4 decision upon the matter submitted[; or] (c) [w]here the award is
5 imperfect in matter of form not affecting the mertis of the
6 controversy." 9 U.S.C. § 11.

## IV. DISCUSSION

VICI makes essentially one argument for vacating or modifying the Award: the Arbitration Clause called for arbitration under the Commercial Rules, but the Arbitrator applied the Employment Rules. See Mot. Vacate. VICI places this argument in a variety of packages shaped by federal and California law in the hopes that the Court will accept one. The federal law-based arguments are: (1) in deciding to apply the Employment Rules, the Arbitrator exceeded his authority, see id., at 7-9; (2) the final award is irrational, because it is not clear which rules are being applied, id. at 9; (3) the award involves a manifest disregard for the law, because the Arbitration Clause provides that the Commercial Rules should apply, but the Arbitrator instead applied the Employment rules. Id. at 10-11. None of these arguments purportedly based on federal law are availing for the reasons stated herein.[1]

---

[1] The California law-based arguments which VICI attempts to hang on this claim are irrelevant to the Court's evaluation of VICI's Motion to Vacate, which is governed solely by federal law. G.C. and K.B. Investments, Inc. v. Wilson, 326 F.3d 1096, 1105 (9th Cir. 2003).

5

**A.   The Arbitrator Did Not Exceed His Authority**

VICI's claim that the Arbitrator exceeded his authority by applying the Employment Rules to the dispute is unavailing.  It is a basic tenet of arbitration law that parties have the right to arbitrate their dispute according to the terms of their arbitration agreement.  <u>Western Employer Ins. Co. v. Jefferies & Co., Inc.</u>, 958 F.2d 258, 261 (9th Cir. 1992).  The Arbitration Clause provides that disputes between the parties are to be "settled by binding arbitration in accordance with the Commercial Rules of the American Arbitration Association." Townsend Decl. in Sup. Conf., Ex. B at 5.  Those rules provide that "[a] dispute arising out of an employer promulgated plan will be administered under the AAA's National Rules for the Resolution of Employment Disputes." Townsend Decl. Opp. Vacate, Ex. B at 8.  The AAA determined that the dispute between the parties arose out of an employer promulgated plan.  <u>See</u> Isola Decl., Ex. D at 32.  Thus, the Arbitrator's decision to apply the Employment Rules was in accordance with the Commercial Rules and therefore in accordance with the Arbitration Clause providing for arbitration according to the Commercial Rules.  It is, honestly, difficult to understand how VICI can complain otherwise.

**B.   The Final Award is Not Completely Irrational**

VICI also argues that the Final Award is irrational because, according to VICI, the Arbitrator was not always completely clear which arbitration rules of the AAA he applied in three of the decisions he issued ("Three Decisions").  <u>See</u> Mem. Opp. to Conf. at

6

1  9. This argument is even more unavailing. To vacate an
2  arbitration award on this ground the award must be "completely
3  irrational," not a bit confusing or sort of unclear. <u>Coutee</u>, 336
4  F.3d at 1133. More precisely, an award is completely irrational
5  if "the arbitrator's interpretation cannot be rationally derived"
6  from the arbitration agreement on which it is purportedly based.
7  <u>Swift Industries, Inc. v. Botany Industries, Inc.</u>, 466 F.2d 1125,
8  1131 (3rd Cir. 1972); <u>see</u> <u>French v. Merrill Lynch, Pierce, Fenner
9  & Smith, Inc.</u>, 784 F.2d 902, 906 (9th Cir. 1986).

10  VICI's complaint about the Arbitrator's choice of wording in
11  the three decisions goes to the decisions' clarity not their
12  rationality. <u>See</u> Mem. Opp. to Conf. at 9. And each of the
13  complained of descriptions of applicable rules are reasonably
14  derivable from the Arbitration Clause's instruction that the
15  arbitration be conducted according to the Commercial Rules, which,
16  as discussed above, the arbitration was. There are no grounds for
17  vacating the Award as completely irrational.

18  **C. The Award Does Not Involve Any Manifest Disregard of Law**
19  If possible, VICI's argument that the Arbitrator's decision
20  to apply the Employment Rules constituted a manifest disregard of
21  law is even more unavailing than its two other arguments.
22  "'Manifest disregard' means something more than just an error in
23  the law or a failure on the part of the arbitrators to understand
24  or apply the law." <u>Michigan Mut. Ins. Co. v. Unigard Sec. Ins.
25  Co.</u>, 44 F.3d 826, 832 (9th Cir. 1995). Rather, it occurs only
26  when an arbitrator "recognized the applicable law and then ignored
27  it." <u>Id.</u>

7

VICI's argument purportedly based on these grounds simply rehashes its flawed argument about the scope of the Arbitrator's authority: by applying the Employment Rules, the Arbitrator ignored the clear law which requires him to conduct the arbitration according to the terms of the arbitration clause under which the arbitration is constituted. Mem. Opp. Conf. at 10-11. In the first place, this argument fails because, as discussed above, the Arbitrator's decision to apply the Employment Rules was completely proper under the law. However, even assuming that the Arbitrator's decision to apply the Employment Rules was incorrect, which it wasn't, it still would only constitute an error of law, not a manifest disregard of it, and so not grounds for the Award's vacation.

**V.   CONCLUSION**

For the foregoing reasons, the Court DENIES VICI's Motion to Vacate the Award and GRANTS Chand's Motion to Confirm the Award. The Award is hereby CONFIRMED.

IT IS SO ORDERED.

Dated: September 29, 2006

_____
UNITED STATES DISTRICT JUDGE

8